UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

        Plaintiff,

v.

SCOTT P. FISCHER, L. RITTER,
Mrs. VILLARREAL, Mr. EIFFLER, et al.,

        Defendants.

Civil No. 11-514 (MJD/JJG)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

      Plaintiff is an inmate at the Federal Correctional Institution at Sandstone, Minnesota. He commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights.  (Docket No. 1.)  Plaintiff did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but he has instead applied for leave to proceed IFP in this case.

      Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  According

to the formula prescribed by § 1915(b)(1), a prisoner is required to pay "an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's [prison trust] account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint."

In this case, Plaintiff's original IFP application, (Docket No. 2), was found to be defective, because it lacked the certified trust account information needed for the computation and assessment of Plaintiff's initial partial filing fee. 28 U.S.C. § 1915(a)(2) requires prisoners who apply for IFP status to provide certified trust account information for the preceding six month period. Plaintiff did provide that information in his original IFP application. Plaintiff's original IFP application also was defective because (a) it did not provide any information about his assets, and (b) he failed to sign it.

However, the Court gave Plaintiff an opportunity to cure the defects found in his original IFP application. By order dated March 2, 2011, (Docket No. 4), Plaintiff was directed to file an amended IFP application with the requisite certified trust account information. The order also directed Plaintiff to pay the initial partial filing fee prescribed by § 1915(b)(1).

On March 14, 2011, Plaintiff filed an amended IFP application that included his trust account information. (Docket No. 5.) Shortly thereafter, Plaintiff tendered an initial partial filing fee in the amount of $5.00. However, upon examining Plaintiff's amended IFP application, the Court determined that the correct amount of Plaintiff's initial partial filing fee, under formula prescribed by § 1915(b)(1), was $78.56 – not $5.00. Therefore, the Court entered a second order in this case on April 5, 2011, (Docket No. 8), which required Plaintiff to pay the remaining $73.56 of his initial partial filing fee by no later

than April 29, 2011.

The Court's second order also noted that Plaintiff apparently was contemplating some amendments to his complaint. Plaintiff was therefore directed to file an amended complaint, (if he truly intended to amend his pleading), by April 29, 2011. The Court noted that the preliminary screening of Plaintiff's pleading, as required by 28 U.S.C. § 1915A, would be postponed until after Plaintiff had an opportunity to file an amended complaint. The second order also directed Plaintiff to submit his marshal service forms by no later than April 29, 2011.

The Court's second order of April 5, 2011, clearly informed Plaintiff that if he did not pay the balance of his initial partial filing fee, and submit his marshal service forms, by no later than April 29, 2011, the Court would recommend that this case be summarily dismissed (without prejudice) for failure to prosecute. The deadline set by that last order has now passed, (more than a month ago), and Plaintiff has not yet paid the balance of his initial partial filing fee, nor has he submitted his marshal service forms.

Plaintiff has, however, filed a document entitled "Plaintiff's Answer to Magistrate Judge's Order," (Docket No. 9), which is a response to the Court's last order. Giving Plaintiff's response the benefit of liberal construction, he appears to be arguing that he should be excused from paying any further initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). That statute provides that a prisoner will not "be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." However, Plaintiff has not demonstrated that he has "no assets and no means by which to pay the initial partial filing fee." He merely contends that his "sole means of support comes from family when it's affordable with the strains

3

of the economy's terrible crisis which seems to be on an ever increasing decline." ("Plaintiff's Answer to Magistrate Judge's Order," p. 2.)

The Court is fully aware of the provisions of § 1914(b)(4), and recognizes that prisoners should be excused from paying an initial partial filing fee when they are wholly destitute – i.e., they have "no assets and no means." However, Plaintiff's amended IFP application shows that he is not wholly destitute. Plaintiff's IFP application shows that significant deposits were made to his prison trust account during the preceding six months. Based on the information furnished in the amended IFP application, it appears that Plaintiff has more assets and more means then many other prisoners. Simply put, Plaintiff has not shown that he should be excused from paying his initial partial filing fee pursuant to § 1915(b)(4).[1]

---

[1] Moreover, the overall credibility of Plaintiff's response to the Court's last order is dubious at best, because it is replete with erroneous and irrelevant statements. Plaintiff states, for example, that he never made "the least bit of an attempt to imply directly or indirectly" that he wanted to amend his complaint. ("Plaintiff's Answer to Magistrate Judge," p. 2, ¶ 6.) However, the cover letter that Plaintiff had previously submitted with his amended IFP application plainly states –

"I would to amend [sic] Civil No. 11-514 (MJD/JJG) by specifically naming Correctional Counselor Mr. Anderson as a defendant in the conspiracy (count one) and aiding and abetting Mrs. Villarreal on or about the 24th day of January, 2011, in his individual capacity. Also, I would like to further amend by adding Case Manager Mr. Viaene as defendant in the conspiracy (count one) in his individual capacity."

In addition, Plaintiff appears to contend that his complaint is not subject to preliminary screening under § 1915A, and that the marshal should be required to serve the named Defendants without regard to the requirements of that statute. ("Plaintiff's Answer to Magistrate Judge," p. 2, ¶ 3-4.) That argument is specious. If Plaintiff's pleading cannot survive the preliminary review that is mandated by § 1915A, this action would be subject to summary dismissal, and there would be no reason to effect service on the Defendants.

Plaintiff's response also presents several other irrelevant and nonsensical assertions – e.g., "Where Congress gives the lower federal courts jurisdiction over

The Court further notes that Plaintiff has not submitted his marshal service forms, as required by the last order. Therefore, even if Plaintiff had paid his initial partial filing fee, this case still would be subject to summary dismissal because of Plaintiff's failure to comply with the second requirement of the last order.

In sum, it has now been more than two months since Plaintiff was ordered to pay the remaining balance of his initial partial filing fee and submit his marshal service forms. The deadline for complying with the Court's last order expired roughly six weeks ago, and Plaintiff has not yet satisfied either of the two requirements of that order. Therefore, it is now recommended, in accordance with the order of April 5, 2011, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

---

certain controversies, due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their jurisdiction to the precise limits which a federal statute defines." (Id., ¶ 6.) The Court finds nothing in Plaintiff's response that provides any viable excuse for his failure to comply with the Court's last order.

5

Based upon the above, and upon all the records and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's applications to proceed in forma pauperis, (Docket Nos. 2 and 5), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: June 13, 2011                           s/ *Jeanne J. Graham*
                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 28, 2011**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.